UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

Civil Case No.
Honorable

vs.

Five Hundred Sixty-Seven Thousand One Hundred Seventy-Four Dollars ($567,174.00) in U.S. Currency,

        Defendant *in rem*.
_____/

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and K. Craig Welkener, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

### JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendant *in rem* in this action is Five Hundred Sixty-Seven Thousand One Hundred Seventy-Four Dollars ($567,174.00) in U.S. Currency (hereinafter "Defendant Currency") seized by law enforcement officers at the Flying J truck stop located in Woodhaven, Michigan on or about February 22, 2023.

7. The Defendant Currency is in the custody of the Drug Enforcement Administration agency.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8. Title 21, United States Code, Section 881(a)(6), governs the civil forfeiture of property which constitutes or is derived from the proceeds of narcotics crimes, or which was used to facilitate narcotics crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them. . . .[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

9. In addition, Title 18, United States Code, Section 981(a)(1)(A) provides for the civil forfeiture to the United States of any property, real or personal, involved in a transaction or attempted transaction in violation of various money laundering statutes: sections 1956 and 1957 of Title 18, or any property traceable to such property.

## FACTUAL BASIS FOR CIVIL FORFEITURE

10. The Defendant Currency was seized from an individual named Eddie Elliott, as part of an investigation into drug trafficking and money laundering by the U.S. Drug Enforcement Administration (DEA).

11. Elliott appears to be repeatedly transporting money as part of and on behalf of a drug trafficking network. In two prior stops of Elliott, the DEA has seized suspected narcotics proceeds in the amount of $74,710 in August 2022, and $17,170 in December 2022.

12. Illegal controlled substances and firearms have also been seized from this drug trafficking network, along with other narcotics proceeds.

13. On February 22, 2022, the DEA seized $522,800.00 in Monroe, MI from a Mr. Anthony Green, who appears to have been on his way to meet Mr. Elliott in a semi-truck.

14. Mr. Elliott was waiting near a Flying J truck stop in a rental car when DEA agents made contact with him. The Defendant Currency was in the trunk of a rented gray Chevrolet Traverse.

15. Someone appears to have gone to great lengths to conceal

the Defendant Currency from canine detection. The Defendant Currency was tightly stacked with rubber bands, sprayed with soap, shrink-wrapped, and then placed inside cardboard. The cardboard box holding the shrink-wrapped currency was then closed with hot glue.

16. Drug-dealing is a cash intensive business, but those involved typically do not want others to know of the amount of cash involved. The manner and means of the Defendant Currency's concealment is an additional indicator that these funds appear to be monies which were furnished, or was intended to be furnished, in exchange for a controlled substance; as proceeds traceable to such an exchange; and/or as monies which were used or were intended to be used to facilitate a violation of Title 21 of the United States Code, as well as property involved in money laundering.

17. Based on the DEA's total investigation, and the facts included above, the Government believes this money to be narcotics proceeds, as well as property involved in money laundering in violation of 18 U.S.C. §§ 1957 and 1956.

## CLAIM

18. Plaintiff re-alleges and incorporates by reference each

allegation contained in the prior paragraphs.

19. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it is property which was furnished or was intended to be furnished in exchange for a controlled substance in violation of Title 21 of the United States Code, and/or because it constitutes proceeds traceable to such an exchange, and/or because it represents moneys used or intended to be used to facilitate a violation of Title 21 of the United States Code.

20. The Defendant Currency is also forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) because it is property involved in transaction(s) or attempted transaction(s) in violation of sections 1956 and 1957 of Title 18, or property traceable to such property.

## **RELIEF**

WHEREFORE Plaintiff, the United States of America, respectfully requests that a Warrant of Arrest for the Defendant Currency be issued; that notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendant Currency be

condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

        Respectfully submitted,

        DAWN N. ISON
        United States Attorney

        */s/K.CRAIG WELKENER*
        K. CRAIG WELKENER (DC 1033585)
        U.S. Attorney's Office
        211 W. Fort Street, Ste. 2001
        Detroit, MI 48226
        (313) 269-4796
Dated: August 1, 2023        Email: kenton.welkener@usdoj.gov

## **VERIFICATION**

I, Jacob G. Weiss, state that I am a Task Force Officer with the U.S. Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Jacob G. Weiss, Task Force Officer
　　　　　　　　　　　　　　　　　　　U.S. Drug Enforcement Administration

Dated: August 1, 2023